## 26170. CARRATT v. SWIFT & COMPANY.

DECIDED MAY 22, 1937. REHEARING DENIED JUNE 18, 1937.

John C. Parker, for plaintiff in error. Hoyt H. Whelchel, contra.

SUTTON, J. At the May, 1935, term of the superior court, Swift & Company obtained a judgment against Moultrie Café Inc., and had execution issued thereon. Levy was made, August 15, 1935, on certain personal property "as the property of Moultrie Café Incorporated." Mrs. J. C. Carratt filed a claim to the property. On the trial the evidence was substantially as follows: On April 6, 1935, Moultrie Café Incorporated, by J. N. Carratt, president, conveyed the property by a bill of sale to H. P. Plair to secure a promissory note executed by Moultrie Café, by J. N. Carratt. The bill of sale was recorded on April 9, 1935. It provided for public or private sale "with or without notice of any kind" in case of default in payment of the note which was payable on demand. On May 15, 1935, demand was made by Plair's counsel for payment of the note, and notice was given of intention to sell the property on May 16, 1935, under the authority contained in the bill of sale. Because of non-payment of the debt the property was sold at private sale on May 16, 1935, to Mrs. J. N. Carratt, she being the only bidder, for $600 cash. The jury found in favor of the plaintiff in fi. fa. The claimant filed a motion for new trial on the general grounds and on several special grounds. The exception is to the judgment overruling the motion.

Under the evidence it was conclusively shown that the judgment lien of the plaintiff in fi. fa. had been acquired after title had passed out of Moultrie Café Incorporated, the defendant in fi. fa. The holder of the bill of sale had the right to sell the property on default in the payment of the debt secured thereby. Mrs. Carratt, the claimant, had the right to buy it, and by her purchase

acquired title which was superior to the lien of the plaintiff in fi. fa. Under the record here presented, the right of foreclosure by private sale as provided for in the bill of sale is not affected by any question of fraud or collusion between Mrs. Carratt and her husband, as contended in the brief of counsel for the defendant in error. The evidence demanded a finding in favor of the claimant, and the court erred in overruling the motion for new trial.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*